IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSEPH CURIALE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>Defendants. | **ORDER OF DISMISSAL**<br><br>Case No: 2:04-CV-971 TC<br><br>District Judge Tena Campbell |

    Plaintiff Joseph Curiale is proceeding *pro se* in this matter.  Therefore, the court has construed his pleadings liberally.[1]  However, the court will not assume the role of advocate for a *pro se* litigant by constructing a legal theory on his behalf.[2]  A *pro se* plaintiff must allege sufficient facts upon which a recognizable legal claim can be based.[3]  "Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."[4]

    Because Plaintiff completely failed to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure[5] which requires "a short and plain statement" of his claim, the court finds his

---

    [1]    *See Riddle v. Mondragon,* 83 F.3d 1197, 1202 (10th Cir. 1996); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

    [2]    *See Hall,* 935 F.2d at 1110; *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997).

    [3]    *See Riddle,* 83 F.3d at 1202.

    [4]    *Hall,* 935 F.2d at 1110.

    [5]    "A pleading which sets forth a claim for relief . . . shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

pleadings very confusing and difficult to understand.  Nevertheless, after carefully reviewing Plaintiff's complaint, the court concludes that the complaint must be dismissed for failure to state a claim on which relief may be granted.

After careful and repeated readings of Plaintiff's complaint, it appears that Plaintiff alleges that the local post office personnel will not deliver letters requiring a signature or packages directly to his door, leaving a notice instead.[6]  From what the court can determine, Plaintiff alleges that the mail carriers in Vernal, Utah will not deliver packages directly to his door based on an incident involving Plaintiff and local police at the Bellingham, Washington post office in 1994.[7]  However, Plaintiff attaches two letters from local postal officials which do not reference any earlier incident in Bellingham, Washington but say the decision regarding Plaintiff's mail delivery was made out of safety concerns for the local mail carrier.[8]  His allegations of "discrimination" or deprivation of civil rights are conclusory, contradictory to the facts he pleads, and not based on any factual allegations that state a claim upon which relief may be granted.[9]

---

[6]  *See* Complaint at 4, docket no. 3.  Plaintiff made these same allegations in an earlier case with different defendants.  *See Curiale v. Walker*, case no. 2:04-CV-581TC, Report and Recommendation at 5-6, docket no. 24; Order at 2, docket no. 26.

[7]  *See* Complaint at 5.

[8]  Exhibits A and B to the Complaint.

[9]  The court notes that Plaintiff has filed other cases that have been dismissed as failing to state a claim and that he is now, after the filing of the complaint in this action, a restricted filer.  *See Curiale v. Walker*, 2:04-CV-00581 TC; *Curiale v. Suitter Axland*, et al, 2:04-CV-00850 TC and the order entered as docket no. 66 on January 27, 2005, in *Curiale v. Hawkins*, et al, 2:03-CV-01086 PGC.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), "the court shall dismiss the case at any time if the court determines that - . . . the actions or appeal - . . . fails to state a claim on which relief may be granted."  In addition to finding that Plaintiff fails to state a claim, the court also concludes, after careful deliberation, that allowing an opportunity to amend the complaint would be futile.[10]

IT IS HEREBY ORDERED that the complaint is DISMISSED under § 1915(e)(2)(B)(ii).

DATED this 19th day of May, 2005.

BY THE COURT:

*Tena Campbell*

Tena Campbell
U.S. District Judge

---

[10]   *See McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991).   Since Plaintiff made these same allegations in an earlier case with different defendants (*See* Curiale v. Walker, case no. 2:04-CV-581TC, Report and Recommendation at 5-6, docket no. 24; Order at 2, docket no. 26), allowing a third opportunity to make the claim is unnecessary.